**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) JESTICA SIMPSON,<br><br>  Plaintiff,<br><br>vs.<br><br>(1) LOVE, BEAL & NIXON, P.C., AND<br>(2) BARCLAYS BANK DELAWARE<br><br>  Defendants. | CIV-17-288-D<br><br>**COMPLAINT**<br>(Unlawful Debt Collection Practices)<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES Plaintiff, Jessica Simpson, and for her Complaint against Defendants, Love, Beal & Nixon, P.C. and Barclays Bank Delaware, alleges as follows:

**INTRODUCTION**

1. This action arrises after Defendants surreptitiously acted behind Plaintiff's back, secretly obtaining a judgment against her. In late October, 2016, Defendants filed a lawsuit against Plaintiff. Defendants agreed to settle that lawsuit prior to the Answer deadline. Defendants assured Plaintiff that if she entered into a payment arrangement with them, and made timely payments, that they would not move forward with judgment and that she "wouldn't need to do anything" regarding the lawsuit. Despite making timely payments for the agreed upon amount, Defendants obtained a default judgment against Plaintiff for an amount not owed, then later communicated these false amounts to Plaintiff.

2. Plaintiff states a claim against Defendant Barclays Bank Delaware ("Barclays") and Love, Beal & Nixon, P.C. ("LBN") for abuse of process.

3. Additionally, Plaintiff states a claim against LBN for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

4. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

**JURISDICTION AND VENUE**

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy. This court has supplemental jurisdiction regarding Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Defendants conduct business in the state of Oklahoma; therefore, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2)

## PARTIES

8. Plaintiff is a natural person who resides in Oklahoma City, County of Oklahoma, Oklahoma.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendants, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

10. Defendant Barclays provides co-branded credit cards for travel, entertainment, retail, affinity, and financial institutions in the United States. The company is based in Wilmington, Delaware, however it does business in Oklahoma.

11. Defendant Barclays does business in Oklahoma through its numerous account holders and has filed numerous cases using the Oklahoma State Court system. It is not, however, registered to do business in Oklahoma with the Oklahoma Secretary of State.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant LBN is a collections business with an office in Oklahoma City, Oklahoma. Its primary purpose is collecting defaulted debt from consumers though calls, letters, and lawsuits.

13. Defendant LBN is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

14. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. On October 13, 2016, Defendants filed an action in the District Court of Oklahoma County, case number CS-2016-6392, styled *Barclays Bank Delaware v. Jessica R. Sumpson*, seeking to collect a defaulted consumer credit card debt from Plaintiff (the "State Court Action").

16. Just a few days after receiving service of the State Court Action, Plaintiff called Defendant LBN to discuss the lawsuit. During this conversation, Plaintiff agreed to enter into a payment arrangement with Defendants, agreeing to make monthly payments in the amount of $125.00.

17. During this call, speaking with Defendant LBN's employee "Misty Calhoun," it was Plaintiff's understanding that, provided Plaintiff adhered to the monthly payments as scheduled, Defendants would not seek judgment against her.

18. After the call, Defendant LBN mailed Plaintiff a "Payment Confirmation" letter dated November 2, 2016, regarding the arrangement, specifying that monthly payments are due on the 20th of each month in the amount of $125.00.

19. On November 17, 2016, consumer Plaintiff made the first payment of her arranged payment plan of $125.00.

20. On December 20, 2016, consumer Plaintiff made the second payment of her arranged payment plan of $125.00.

21. However, also on December 20, 2016, without notice, Defendants obtained a default judgment against Plaintiff in the State Court Action, for the amount of $1,774.52 (the full

amount they filed suit on), plus court costs, despite the fact that two payments had already been timely made by the consumer Plaintiff.

22. On December 29, 2016, Defendant LBN mailed Plaintiff a letter enclosing the Journal Entry of Judgment in the State Court Action and asked Plaintiff to call Defendant LBN to make voluntary payment arrangements, confusing Plaintiff as she had already done this.

23. The Journal Entry of Judgment sent by Defendant LBN communicated false information regarding the amount of the debt and also falsely stated that no payments had been made by Plaintiff.

24. On January 20, 2017, consumer Plaintiff made the second payment of her arranged payment plan of $125.00.

25. However, three days later, on January 23, 2017, Defendant LBN sent Plaintiff another letter enclosing a "Statement of Judgment" that was apparently recorded with the Oklahoma County Clerk, constituting a lien on her real property. This Statement of Judgment contained a false amount, which was not the amount of the judgment entered against Plaintiff, causing Plaintiff confusion and would further cause confusion for anyone reviewing the records at the Oklahoma County Clerk's office, as the amount stated does not match the judgment amount of the State Court Action. Such confusion could lead to Plaintiff's future creditors to believe that there are actually two different judgments Defendant Barclays obtained against Plaintiff.

26. This January 23, 2017 letter also encouraged Plaintiff to contact Defendant LBN to "make arrangements for satisfaction of this obligation" causing Plaintiff further confusion.

27. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear,

frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## DEFENDANT LBN VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

28. Defendant LBN violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated §1692e and §1692e(10) of the FDCPA by communicating false, deceptive or misleading representations or means in connection with the collection of Plaintiffs' alleged debt; and

   b) Defendant violated §1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of the alleged debt; and

   Defendant violated §1692f(1) of the FDCPA by using an unfair means to collect an amount not authorized by the original debt agreement or permitted by law.

## COUNT II
## ABUSE OF PROCESS AGAINST BOTH DEFENDANTS

29. Defendants' actions of constitute a cause of action under Oklahoma statutes for abuse of process in the following ways:

   a) by filing obtaining default judgment against Plaintiff after Defendants agreed to not seek judgment provided that Plaintiff made timely payments;

   b) by obtaining a judgment for an amount not owed;

   c) by filing Statement of Judgment that contained incorrect amount of the judgment.

30. Defendants actions constitute an improper use of the court's process primarily for an ulterior or improper purpose with resulting damage to the Plaintiff.

31.     As a result of Defendants' abuse of process, Plaintiff has been damaged in an amount not less than $10,000.

32.     In addition, pursuant to Section 9.1 of Title 23 of the Oklahoma Statutes, due to the intentional and malicious acts of Defendant, Defendant is liable to Plaintiff for an award punitive damages.

**WHEREFORE**, Plaintiff, Jessica Simpson, respectfully prays that judgment be entered against Defendants, Love, Beal & Nixon, P.C., and Barclays Bank Delaware, jointly and severally, for the following:

a)     Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)     Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c)     Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

d)     Actual damages incurred for common law abuse of process;

e)     Punitive damages pursuant to *Okla. Stat.* tit. 23, §9.1; and

f)     Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

**PARAMOUNT LAW**
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
3619@paramount-law.net